IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL K. O'CONNELL,<br>VALERY A. O'CONNELL,<br>CHRISTAL O'CONNELL,<br>SHANNON O'CONNELL,<br>VESTA O'CONNELL<br><br>Petitioners,<br><br>vs.<br><br>GLASTONBURY LANDOWNERS ASSOCIATION INCORPORATED, GLASTONBURY LANDOWNERS BOARD OF DIRECTORS,<br><br>Respondents. | Cause No. CV-18-153-BLG-SWP-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiffs Daniel K. O'Connell, Valery A. O'Connell, Christal O'Connell, Shannon O'Connell, and Vesta O'Connell filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1), and a proposed Complaint alleging constitutional violations stemming from their state court proceedings.  (Doc. 2.)  The motion to proceed in forma pauperis will be granted, but the Complaint should be dismissed for lack of subject matter jurisdiction.

**I.     Motion To Proceed In Forma Pauperis**

The O'Connells filed their motion to proceed in forma pauperis and

1

submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Docs. 1 &1-1.) Because it appears the O'Connells lack sufficient funds to prosecute this action, the motion to proceed in forma pauperis will be granted.

## II. Analysis

As explained below, the O'Connells' complaint should be dismissed for lack of subject matter jurisdiction.[1]

### A. State Court Proceedings

The O'Connells have been engaged in protracted litigation with the Glastonbury Landowners Association and its Board of Directors. On May 8, 2017, judgment was entered against Daniel and Valery O'Connell in Montana's Sixth Judicial District Court, Park County. (Doc. 2 at 31-33.) Defendant Glastonbury Landowners Association, Inc. was awarded its attorney's fees in the amount of $18,128.75, for which Daniel and Valery were held jointly and severally liable. *Id.* at 32. In addition, Valery, Daniel, and their children, Christal, Shannon, and Vesta, were all declared to be vexatious litigants, and were ordered to obtain approval from a Montana State court prior to making future filings. *Id.*

Following post-judgment proceedings, the O'Connells filed a motion for an

---

[1] Daniel and Valery O'Connell had a prior matter dismissed on similar grounds by this Court. See, *O'Connell v. Supreme Court of the State of Montana*, CV-14-21-BLG, Or. (D. Mont. April 4, 2014).

out-of-time appeal with the Montana Supreme Court. First, the O'Connells challenged the Montana Supreme Court's prior determination that their appeal was untimely. Next, the O'Connells asserted an out-of-time appeal was warranted for the children because they were not properly served prior to the district court's determination that the children were vexatious litigants. *See*, *O'Connell, et. al. v. Glastonbury Landowners Ass'n, et. al.*, DA 18-0483, Or. at 2 (filed Sep. 4, 2018);[2] *see also* (Doc. 2 at 15-28.)

The Montana Supreme Court did not find the first issue advanced by the O'Connells to be persuasive. *Id.* The Court did, however, grant an out-of-time appeal relative to the issue surrounding the children and specifically limited the appeal to the following claim: *Whether the District Court properly entered the vexatious litigant order against the O'Connell Children in DV-2011-114*. *Id.* at 3 (emphasis in original). That matter is currently pending; the O'Connell children were directed to file a notice of appeal, through counsel, by November 5, 2018. *Id.* at 3-4.[3]

---

[2] All state court briefing and orders available at: https://supremecourtdocket.mt.gov (accessed November 5, 2018).

[3] The O'Connell children have requested an extension of this deadline until the present action before this Court is fully adjudicated. (DA 18-0483, Motion for Extension, filed November 5, 2018.) In their request, the children acknowledge "the case before [the Montana Supreme Court] is the same case and same constitutional violation arguments as before the Federal District Court." *Id.*

3

## B. The O'Connells' Allegations

The O'Connells claim their 5th Amendment right to Due Process and 6th Amendment right to a fair trial and hearing have been violated by the state district court and the Montana Supreme Court as a result of the actions outlined above. (Doc. 2 at 10, ¶ (A)(1)). In support of the claims, the O'Connells have attached the bulk of the appellate brief they filed with the Montana Supreme Court in support of their motion for an out-of-time appeal. *Cf.*, (Doc. 2 at 15-28) with *O'Connell, et. al. v. Glastonbury Landowners Ass'n, et. al.*, DA 18-0483, Motion (filed Aug. 15, 2018). The O'Connells allege these constitutional violations have resulted in monetary injury in the amount of $18,128.75 – the amount of attorney's fees awarded to the Glastonbury Landowners Association, Inc. in the underlying state court case, Cause No. DV-2011-114. (Doc. 2 at 11, ¶ (V)); see also, (Doc. 2 at 32, ¶ 3.)

The O'Connells ask this Court to: reverse the constitutional violations; reverse the state court judgment entered against them; allow punitive damages and costs against the Glastonbury Landowners Association; and assume jurisdiction of *O'Connell, et. al. v. Glastonbury Landowners Association, et. al.,* Cause No. DV-2011-114. (Doc. 2 at 11, ¶ (VI)).

## C. Screening Pursuant to 28 U.S.C. §1915(e)(2)

A complaint filed by any person proceeding in forma pauperis pursuant to

28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (stating 28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints").

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P.12(h)(3); *see also Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (finding a federal court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction).

Federal district courts do not have appellate jurisdiction over state court judgments. See 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)) "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Bennett v. Yoshina*, 140 F. 3d 1218, 1223 (9th Cir. 1998) (quoting *Johnston v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

*Rooker-Feldman* serves as a jurisdictional bar in a suit that is a "de facto

appeal from a state court judgment," *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), when federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2008).

"A de facto appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (internal quotation marks omitted). *Rooker-Feldman* does not apply, however, where the plaintiff complains of an injury that was caused by an adverse party that the state court failed to rectify. *Henrichs v. Valley View Development*, 474 F.3d 609, 614 (9th Cir. 2007) (citing *Noel v. Hall*, 341 F.3d 1148, 1165 (9th Cir. 2004). "The clearest case for dismissal under the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Henrichs,* 474 F.3d at 613 (internal quotation marks omitted).

The *Rooker-Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met: (1) the plaintiff lost in the state court; (2) the state court judgment was rendered before the

6

filing of the federal claim; (3) the plaintiff complains of injuries caused by the state court judgment; and (4) the plaintiff's complaint invites the district court to review and reject the judgment of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

In the present case, all factors are met. While the Montana Supreme Court has allowed an out-of-time appeal for the limited issue of whether the O'Connell children were properly deemed vexatious litigants, the remainder of the state court judgment against the O'Connells was left undisturbed. Thus, the first two factors are met – the O'Connells lost in the state district court, the order was filed before the instant complaint, and the Montana Supreme Court has denied review. The third factor is met because the injuries complained of were caused by the state court judgment issued in DV-11-114. Finally, the O'Connell's specifically ask this Court to assume jurisdiction of the state court matter and reverse the state courts' prior orders.

Thus, all factors are met and the O'Connells' claims are barred by the *Rooker-Feldman* doctrine. In fact, this case falls within the category of the "clearest case" for application of the doctrine; the O'Connells assert as a legal wrong an allegedly erroneous decision of the state district court, and seek relief in this Court based on the state court judgment. Therefore, this Court does not have jurisdiction over this case, and it should be dismissed.

Dismissals under the *Rocker-Feldman* doctrine are based on lack of subject

matter jurisdiction, and should be without prejudice. *Howard v. RJF Financial LLC*, 538 Fed.Appx., 824, 825 (9th Cir. 2013).

Based upon the foregoing, the Court issues the following:

## ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on October 24, 2018.

Further the Court issues the following:

## RECOMMENDATION

This matter should be dismissed for lack of subject matter jurisdiction, without prejudice.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
## OF FAILURE TO OBJECT

The O'Connells may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 19th day of November, 2018.

_____
Timothy J. Cavan
United States Magistrate Judge